# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

**CHRISTOPHER SADOWSKI**,

    Plaintiff,

v.                                                Case No. 8:23-cv-740-WFJ-MRM

**TLB PROJECT, LLC**,

    Defendant.
_____/

## ORDER

Before the Court is Plaintiff Christopher Sadowski's Motion to Strike (Dkt. 15) Defendant TLB Project, LLC's Answer and Motion to Dismiss (Dkt. 14). Defendant has responded in opposition (Dkt. 17).[1] Upon careful consideration, the Court grants Plaintiff's Motion.

## BACKGROUND

Plaintiff is a photojournalist who "creates high-end photography licensed by some of the top publishers" in the United States. Dkt. 1 at 2. Defendant is a limited liability company that runs an online news network. *Id.* at 4. According to Plaintiff, Defendant used Plaintiff's work for commercial purposes without a license to do so

---

[1] Defendant has responded in the form of a *pro se* "Motion to Dismiss and Response" filed by Roger Landry. Dkt. 17. For the reasons explained below, Mr. Landry may not represent Defendant *pro se*. Accordingly, the motion to dismiss aspect of Defendant's response, which essentially reiterates the arguments put forth in Defendant's Answer and Motion to Dismiss (Dkt. 14) is due to be stricken as well.

by displaying one of Plaintiff's copyrighted photographs on its website, www.thelibertybeacon.com. *Id.* at 4–6.

On April 4, 2023, Plaintiff brought suit against Defendant. *Id.* at 1. Plaintiff asserts one count—copyright infringement pursuant to the Copyright Act, 17 U.S.C. § 101 *et seq. Id.* at 6–8. Among other things, Plaintiff seeks actual damages and an award of costs and attorney's fees. *Id.* at 8.

On May 30, 2023, Roger Landry, "doing business as TBL Project, LLC," filed a *pro se* Answer and Motion to Dismiss on Defendant's behalf. Dkt. 14. Mr. Landry maintains that the Court lacks personal jurisdiction over him or Defendant. *Id.* at 1. Mr. Landry requests the Court dismiss Plaintiff's Complaint with prejudice. *Id.* at 2.

On May 31, 2023, Plaintiff filed the instant Motion to Strike. Dkt. 15. Plaintiff notes that he has sued Defendant, not Mr. Landry. Plaintiff further avers that, as a corporate entity, Defendant must be represented by counsel. *Id.* at 2. Accordingly, because Mr. Landry is not an attorney, Plaintiff argues that Mr. Landry cannot represent Defendant in this lawsuit and that his *pro se* Answer and Motion to Dismiss must be stricken. *Id.* at 3.[2]

---

[2] For various reasons, Plaintiff also believes that "the genesis of [Mr. Landry's] Answer is troubling and suggestive of the unauthorized practice of law" by one Ronald J. O'Donnell. Dkt. 15 at 3. The Court need not reach this issue at this juncture. Notwithstanding, the Court cautions all parties that the unauthorized practice of law may carry significant consequences.

## DISCUSSION

"The rule is well established that a corporation is an artificial entity that can only act through agents, cannot appear *pro se*, and must be represented by counsel." *Palazzo v. Gulf Oil Corp.*, 764 F.2d 1381, 1385 (11th Cir. 1985). This "general rule applies even where the person seeking to represent the corporation is its president and major stockholder." *Id.* And it applies with equal force to limited liability companies such as Defendant. *See Alt. Materials, LLC v. TCH Constr. Grp., Inc.*, 339 F.R.D. 322, 324 (N.D. Fla. 2021) (holding that "[a]rtificial business entities—such as limited liability companies, corporations, and partnerships—may appear in federal court only through counsel"). That being the case, there is no dispute here that Defendant is a limited liability company and that Mr. Landry is not licensed to practice law. It follows that Mr. Landry cannot represent Defendant—his *pro se* Answer and Motion to Dismiss must be stricken from the record.

Accordingly, it is hereby **ORDERED** and **ADJUDGED**:

(1) Plaintiff's Motion to Strike (Dkt. 15) is **GRANTED**.

(2) The Clerk is directed to strike Dkt. 14 and Dkt. 17.

(3) Defendant may file a proper responsive pleading, through eligible counsel, on or before July 21, 2023.

**DONE AND ORDERED** at Tampa, Florida, on June 21, 2023.

/s/ William F. Jung
**WILLIAM F. JUNG**

3

**UNITED STATES DISTRICT JUDGE**

**<u>COPIES FURNISHED TO</u>**:
Counsel of Record